IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

WYNENEICKA BLACKWELL,

    Plaintiff,

    v.

H.A. HOUSING, LP, a Maine limited partnership;
URBAN PROPERTY MANAGEMENT, INC.,
    a Colorado corporation, individually and
    as the agent for H.A. HOUSING, LP;
JANET PORTER, individually and as the agent
    for URBAN PROPERTY MANAGEMENT,
    INC. and H.A. HOUSING, LP; and
KAY WRIGHT, individually and as the agent
    for URBAN PROPERTY MANAGEMENT,
    INC. and H.A. HOUSING, LP,

    Defendants.

_____

**COMPLAINT AND JURY DEMAND**
_____

Plaintiff Wyneneicka Blackwell, through her undersigned attorneys, alleges as follows:

**PRELIMINARY STATEMENT**

1.    Plaintiff Wyneneicka Blackwell ("Ms. Blackwell" or "Plaintiff") brings this action against all named Defendants, claiming sex discrimination in housing and intentional infliction of emotional distress. On or about July 7, 2003, Ms. Blackwell's former boyfriend, Ray Foreman, entered her apartment and over a period of eight hours, beat, raped and stabbed her. Because Mr. Foreman remained at large, and because the apartment contained gruesome reminders of the attack, including bloodstains, Ms. Blackwell requested that Defendants transfer

her to a different apartment. Defendants refused to grant this request because of Ms. Blackwell's sex and status as a victim of domestic violence. Defendants' conduct violated federal and state laws prohibiting discrimination based on sex and her status as a victim of domestic violence and intentionally inflicted emotional distress upon Ms. Blackwell.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, as a case arising under the laws of the United States; under 28 U.S.C. § 1343(a)(4), as a case seeking relief under an Act of Congress providing for the protection of civil rights; and under 28 U.S.C. § 1367, as a case alleging state law claims warranting the exercise of this Court's supplemental jurisdiction.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because all or a substantial part of the events giving rise to the claims in this action took place in the District of Colorado.

## PARTIES AND PROPERTY

4. Plaintiff Wyneneicka Blackwell is a United States citizen and resident of Denver, Colorado. Ms. Blackwell is a woman and is protected from discriminatory practices pursuant to 42 U.S.C. § 3600 *et seq*. and Colo. Rev. Stat. § 24-34-502.

5. Defendant H.A. Housing, LP ("H.A. Housing") is a Maine limited partnership. H.A. Housing has been the owner of Hilltop Apartments since July 29, 2002.

6. Defendant Urban Property Management, Inc. ("Urban Inc.") is a Colorado corporation. At all times relevant to this action it provided property management services to H.A. Housing for Hilltop Apartments as well as numerous other federally subsidized housing developments in the Denver metropolitan area.

7. Defendant Janet Porter is an individual who, upon information and belief, resides in Denver, Colorado and was at all times relevant to this action employed in a managerial capacity by Defendant Urban Inc.

8. Defendant Kay Wright is an individual who resides in Denver, Colorado and, upon information and belief, is and was employed at all times relevant to this action as a resident manager at Hilltop Apartments by Defendant Urban Inc.

## NATURE OF THE COMPLAINT

9. Hilltop Apartments is located at 1705 Franklin Street, Denver, Colorado.

10. Hilltop Apartments is a federally subsidized housing development containing approximately forty-seven (47) residential apartments. Defendants H.A. Housing and Urban Inc. are participants in a federal housing program commonly known as the "Section 8 Substantial Rehabilitation Program." This Program is administered by the United States Department of Housing and Urban Development ("HUD"). Upon information and belief, Defendants H.A. Housing and Urban Inc.'s compliance with this program at Hilltop Apartments was the responsibility, in part, of Defendants Kay Wright and Janet Porter.

11. At all times relevant to this action, Defendants established and implemented rental policies, rules and practices for Hilltop Apartments.

12. On information and belief, at all times relevant to this action, Hilltop Apartments was managed by Defendant Urban Inc. and owned by Defendant H.A. Housing.

13. On or about April 7, 1995, Ms. Blackwell and her children moved into a unit in Hilltop Apartments located at 1705 Franklin Street, Denver, Colorado.

14. Ms. Blackwell has lived continuously at Hilltop Apartments for the past 10 years.

15. On the evening of July 7, 2003, Ms. Blackwell's former boyfriend, Mr. Ray Foreman, entered her apartment in Hilltop Apartments and stabbed, assaulted, raped and sodomized her there over the course of eight hours through the early morning hours of July 8, 2003.

16. During the course of the attack, portions of the apartment's carpeting became covered with blood and urine. Blood also splattered onto the walls and the floors.

17. Immediately after attacking Ms. Blackwell, Mr. Foreman fled the scene, and remained at large for several months.

18. On July 8, 2003, following the attack referenced in paragraph 15, Ms. Blackwell was transported by ambulance to Denver Health Medical Center for emergency medical attention to treat the injuries she sustained, including a broken nose, a stab wound in her lower back, severe tears and abrasions to her right hand and head, neck and abdominal abrasions and bruising.

19. Before Ms. Blackwell returned from the hospital, her mother, Dinah Blackwell, went to Hilltop Apartments. She spoke with Defendant Kay Wright, the on-site manager, about the attack and about transferring Ms. Blackwell to another complex managed by Defendant Urban Inc. for her safety.

20. Upon returning from the hospital on the evening of July 8, 2003, Ms. Blackwell also spoke to Defendant Kay Wright and requested a transfer to another complex managed by Defendant Urban Inc. Defendant Kay Wright indicated to both Ms. Blackwell and her mother that an attempt was being made to relocate Ms. Blackwell immediately. Following this conversation, Ms. Blackwell and her children went to stay at her grandmother's house for the interim.

21.     On or about July 10 and July 11, 2003, Ms. Blackwell contacted Defendant Kay Wright inquiring about the status of her transfer and was informed that they "were still working on it."

22.     Between on or about July 8, 2003 and July 11, 2003, Ray Foreman made various attempts to contact Ms. Blackwell.  After Mr. Foreman telephoned Ms. Blackwell at her grandmother's house on July 11, 2003, she and the children were forced to move to another location.

23.     On or about July 14, 2003, Ms. Blackwell informed Defendant Kay Wright that Mr. Foreman had found her at her grandmother's house and that it was urgent that she be transferred to a different complex.  Defendant Kay Wright informed Ms. Blackwell that she did not know the status of the transfer but that Urban Inc. did have subsidized apartment complexes in Aurora, Colorado.

24.     On or about July 14, 2003, Ms. Blackwell telephoned Defendant Janet Porter, Defendant Kay Wright's supervisor, to check on the status of her requested transfer to another complex.  Defendant Janet Porter told Ms. Blackwell that she could not be transferred to another complex but that she could move into a larger apartment in the same complex.  Ms. Blackwell rejected this offer, explaining that her attacker could still find her if she was living in the same complex.

25.     On July 15, 2003, Ms. Blackwell contacted Denver City Councilwoman Elbra Wedgeworth's office.  After hearing about the attack and management's refusal to transfer Ms. Blackwell, upon information and belief Ms. Wedgeworth asked her aide Stephanie Cross to contact Defendant Janet Porter on behalf of Ms. Blackwell to see if Defendant Janet Porter would agree to transfer Ms. Blackwell.

5

26. Upon information and belief, Defendant Janet Porter told Ms. Cross that Defendant Urban Inc. would not transfer Ms. Blackwell because of HUD provisions, a history of domestic violence and her rental history.

27. That same day, Ms. Blackwell contacted Colorado Legal Services for assistance.

28. On July 22 and July 31, 2003, Ms. Blackwell's legal services attorney made requests to Defendants Kay Wright and Janet Porter, respectively, that Ms. Blackwell be transferred to an apartment in another complex. Ms. Blackwell's counsel was directed to contact counsel for Defendant Urban Inc.

29. Counsel for Defendant Urban Inc., Peter E. Muccio, stated on July 31, 2003, that Ms. Blackwell's transfer request had been denied because she did not have a "good history" with the company. Mr. Muccio reiterated that such good history did not exist due to "a separate incident involving domestic violence" and a previously unmentioned "poor payment record."

30. In or around August 2003, Ms. Blackwell's mother, Dinah Blackwell visited Hilltop Apartments to pay her daughter's rent for July through October of 2003.

31. Defendant Urban Inc.'s refusal to transfer Ms. Blackwell was reiterated by Mr. Muccio on September 23, 2003.

32. As a result of Defendants' discriminatory refusal to grant her transfer request, Ms. Blackwell lived in fear for her life and without a permanent home for several months following the July 7 attack. During this time, Ms. Blackwell was forced to stay with relatives, and sometimes separated from her children due to space limitations; however, her rent was consistently paid. On October 22, 2003, the police apprehended Mr. Foreman. After attempting to clean and repair her home, Ms. Blackwell resumed living there on November 1, 2003.

33.     Upon information and belief, at all times relevant to this action, Defendants knew that Ms. Blackwell's attacker was at large when they refused to grant her request to transfer.

34.     In the United States and in Colorado, the vast majority of victims of domestic violence are women, and women are much more likely than men to be the victims of domestic violence.

35.     Upon information and belief, at all times relevant to this action, Defendants knew or should have known that the vast majority of victims of domestic violence are women and that women are much more likely than men to be the victims of domestic violence.

36.     Counsel for Defendants, Mr. Muccio, stated on July 31, 2003 that Urban Inc. has a policy of transferring tenants under "special circumstances." Upon information and belief, at least two other tenants of Hilltop Apartments were transferred to other subsidized complexes when an electrical fire caused damage in each of their units, and then returned to their respective apartments several months later, after repairs were made.

37.     Ms. Blackwell's request for a transfer was also due to special circumstances, yet Defendants refused to transfer her because of her sex and status as a victim of domestic violence.

## PROCEDURAL HISTORY

38.     On October 20, 2003, Plaintiff Wyneneicka Blackwell filed a timely charge of discrimination with HUD pursuant to Section 810(a) of the Fair Housing Act, as amended, 42 U.S.C. § 3610(a) and with the Colorado Civil Rights Commission pursuant to Colo. Rev. Stat. §§ 24-34-504 and 24-34-505.6. HUD deferred to the Colorado Civil Rights Commission for investigation of the violation. In her complaints, Ms. Blackwell charged that the Defendants discriminated against her by refusing to transfer her to another rental property also managed by Defendant Urban Inc. because of her sex and because she was a victim of domestic violence. On

7

July 19, 2004, the Colorado Civil Rights Commission issued a no probable cause determination, while acknowledging that Defendants were aware that Ms. Blackwell had a history of being a victim of domestic violence.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
(Violation of the Fair Housing Act, 42 U.S.C §§ 3604(a) and (b))

39. Plaintiff incorporates by reference all allegations in paragraphs 1 through 37 of this Complaint.

40. As a woman, Ms. Blackwell is a member of a class protected by the Fair Housing Act, 42 U.S.C. §§ 3604(a) and (b).

41. By denying Ms. Blackwell's request for a transfer from Apartment 201 of Hilltop Apartments because she had previously been the victim of domestic violence, Defendants intentionally discriminated against Ms. Blackwell in the rental of a dwelling and in the terms and conditions of the rental of a dwelling, on the basis of her sex in violation of the Fair Housing Act, 42 U.S.C. §§ 3604(a) and (b).

42. Defendants engaged in such discrimination intentionally, willfully and in reckless disregard of the rights of Plaintiff.

43. Plaintiff has suffered injury as a result of Defendants' discriminatory conduct.

### SECOND CAUSE OF ACTION
(Violation of the Fair Housing Act, 42 U.S.C §§ 3604(a) and (b))

44. Plaintiff incorporates by reference all allegations in paragraphs 1 through 37 of this Complaint.

45. By adopting a policy of denying transfers to victims of domestic violence, Defendants engaged in a practice that has a disparate impact on women and therefore

discriminated on the basis of sex in violation of the Fair Housing Act, 42 U.S.C. §§ 3604 (a) and (b).

46. Defendants engaged in such discrimination willfully and in reckless disregard of the rights of Plaintiff and persons similarly situated.

47. Plaintiff has suffered injury as a result of Defendants' application of this discriminatory policy to her.

### THIRD CAUSE OF ACTION
(Violation of Colo. Rev. Stat. § 24-34-502(1)(a) and (b) (2003))

48. Plaintiff incorporates by reference all allegations in paragraphs 1 through 37 of this Complaint.

49. As a woman, Ms. Blackwell is a member of a class protected by Colo. Rev. Stat. § 24-34-502(1).

50. By denying Ms. Blackwell's request for a transfer from Apartment 201 of Hilltop Apartments because she had previously been the victim of domestic violence, Defendants intentionally discriminated against Plaintiff in the rental of a dwelling and in the terms and conditions of the rental of a dwelling, on the basis of her sex in violation of Colo. Rev. Stat. § 24-34-502(1).

51. Defendants engaged in such discrimination intentionally, willfully and in reckless disregard of the rights of Plaintiff.

52. Plaintiff has suffered injury as a result of Defendants' discriminatory conduct.

### FOURTH CAUSE OF ACTION
(Violation of Colo. Rev. Stat. § 24-34-502(1)(a) and (b) (2003))

53. Plaintiff incorporates by reference all allegations in paragraphs 1 through 37 of this Complaint.

54. By adopting a policy of denying transfers to victims of domestic violence, Defendants engaged in a practice that has a disparate impact on women and therefore discriminated on the basis of sex in violation of Colo. Rev. Stat. § 24-34-502(1).

55. Defendants engaged in such discrimination willfully and in reckless disregard of the rights of Plaintiff and persons similarly situated.

56. Plaintiff has suffered injury as a result of Defendants' application of this discriminatory policy to her.

## FIFTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress)

57. Plaintiff incorporates by reference all allegations in paragraphs 1 through 37 of this Complaint.

58. Defendants' conduct in refusing to transfer Plaintiff to another apartment complex was extreme and outrageous.

59. Defendants engaged in said conduct recklessly, knowing that it was substantially certain to cause Plaintiff emotional distress.

60. Plaintiff suffered extreme emotional distress and injury as a result of Defendants' conduct.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

1. Refund to Plaintiff of all rent paid on the apartment during the time it was unsafe for occupancy because her attacker was at large;

2. Award all damages to which Plaintiff is entitled as a result of Defendants' unlawful conduct, including compensatory damages, punitive damages, damages for emotional distress and interest thereon;

3. Declare that the discriminatory practices of Defendants, as set forth above, violate the Fair Housing Act as amended, 42 U.S.C § 3601 *et seq.*, and the Colorado Fair Housing Act, C.R.S. §24-34-501 *et seq.*;

4. Permanently enjoin Defendants and their owners, officers, employees, agents, successors, assigns and those acting in concert with them from any conduct violating Plaintiff's rights as secured by the Fair Housing Act as amended, 42 U.S.C § 3601 *et seq.*, Colo. Rev. Stat. § 24-34-501 *et seq.*, and Colorado law, or the rights of others similarly situated, and grant such further equitable relief as this Court may deem just and proper;

5. Award reasonable costs and attorneys' fees; and

6. Award such further relief as this Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Dated: ___July 1, 2005_____

   ___S/ Jenifer Knight_____
Jenifer Knight
Leslie F. Ebert
Colorado Legal Services
1905 Sherman Street, Suite 400
Denver, Colorado  80203
(303) 866-9352
(303) 866-9302 (Facsimile)
**jknight@colegalserv.org**

11

                                    Jennifer K. Brown
                                    Maya Raghu
                                    Legal Momentum
                                    395 Hudson Street, 5th Floor
                                    New York, New York 10014
                                    (212) 925-6635
                                    (212) 226-1066 (Facsimile)
                                    **mraghu@legalmomentum.org**

                                    ATTORNEYS FOR PLAINTIFF

                                    OF COUNSEL:
                                    Linda A. Surbaugh
                                    Faegre & Benson LLP
                                    1700 Lincoln Street
                                    Denver, CO  80203
                                    (303) 607-3785
                                    (303) 607-3600 (Facsimile)
                                    **lsurbaugh@faegre.com**


Address of Plaintiff:

Wyneneicka Blackwell
1705 Franklin Street, Apt. #201
Denver, CO  80218