IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01225-LTB-CBS

WYNENEICKA BLACKWELL,

      Plaintiff,

v.

H.A. HOUSING, LP,
a Maine limited partnership;
URBAN PROPERTY MANAGEMENT, INC.,
a Colorado corporation, individually and as
the agent for H.A. HOUSING, LP;
JANET PORTER, individually and as
the agent for URBAN PROPERTY MANAGEMENT, INC., and
H.A. HOUSING, LP; and
KAY WRIGHT, individually and as
the agent for URBAN PROPERTY MANAGEMENT, INC., and
H.A. HOUSING, LP,

      Defendants.

---

**ORDER**

---

THE COURT, having conducted a telephonic discovery conference with counsel for the

parties on May 1, 2006, and having considered information presented by the parties regarding

Plaintiff's request for information contained in the tenant files for residents of the twenty-five

subsidized apartment properties managed by Defendant Urban Property Management, Inc.

("Urban") in the State of Colorado between January 1, 2001 and the present ("Tenant Files"), and

the parties' mutual desire to protect and safeguard the privacy interests of the tenants involved,

Hereby ORDERS ADJUDGES AND DECREES:

      1.     The parties agree that certain of the information contained in the Tenant Files is

properly discoverable pursuant to Fed. R. Civ. P. 26(a).

2.      Defendants expressly reserve their objections to the admissibility of any

information that may exist in the Tenant Files.

3.      Defendant Urban shall begin making available for Plaintiff's review immediately

and on a rolling basis the Tenant Files as described above.

4.      The production of the Tenant Files shall be pursuant to the Stipulation and

Protective Order Regarding Disclosure of Confidential Information entered by the Court on April

11, 2006.

5.      The parties will abide carefully by the terms of the Stipulation and Protective

Order Regarding Disclosure of Confidential Information in order to protect the confidentiality and

privacy interests of the tenants involved.  If Defendants believe that further safeguards are

necessary to protect the confidentiality and privacy interests of the tenants, they will meet and

confer with Plaintiff in an attempt to agree upon such additional appropriate safeguards.  If the

parties cannot agree upon such additional safeguards, they can bring the matter to the Court's

attention, but only after making a good faith effort to resolve the issues themselves.  As with all

disputes of this nature, the parties will contact the Court by telephone before filing any motions.

DATED at Denver, Colorado, this 3rd day of May, 2006.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge